UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

CLARK S. CHENEY,                    Case No.: 1:08-cv-01044-JDB

      Plaintiff,

v.

IPD ANALYTICS, L.L.C.,
INTELLECTUAL PROPERTY
DEVELOPMENT, INC., and
HOWARD BENJAMIN KRASS,

      Defendants.

_____

_____

**DEFENDANTS' MOTION TO DISMISS OR TRANSFER PURSUANT
TO THE CONTRACTUAL FORUM SELECTION CLAUSE, FOR
LACK OF PERSONAL JURISDICTION, OR IMPROPER VENUE**
_____

## TABLE OF CONTENTS

PAGE(S)

TABLE OF AUTHORITIES............................................. iv

DEFENDANTS' MOTION TO DISMISS OR TRANSFER PURSUANT
    TO THE CONTRACTUAL FORUM SELECTION CLAUSE, FOR
    LACK OF PERSONAL JURISDICTION, OR IMPROPER VENUE........... 1

MEMORANDUM ARGUMENT............................................ 1

I.    THIS CASE SHOULD BE DISMISSED OR TRANSFERRED PURSUANT
    TO THE CONTRACTUAL FORUM SELECTION CLAUSE, FOR LACK
    OF PERSONAL JURISDICTION, OR IMPROPER VENUE. ............... 1

    A.    Forum Selection Clause — The Plaintiff Agreed to Bring This Action
        Only In Courts in Miami, Florida. ................................ 2

    B.    There is Neither General Nor Specific Jurisdiction Over These
        Defendants..................................................... 5

        1.    General Jurisdiction...................................... 6

        2.    Specific Jurisdiction..................................... 7

            a.    District of Columbia Long-Arm Statute................. 7

    C.    Constitutional Notions of Fair Play and Substantial Justice............ 12

    D.    Venue Is Improper............................................. 14

        1.    Venue is Improper Under 28 U.S.C. § 1391. ................. 14

            a.    A Judicial District Where Any Defendant Resides, If All
                Defendants Reside in the Same State. .................. 14

            b.    A Judicial District In Which A Substantial Part of the
                Events Or Omissions Giving Rise to the Claim Occurred,
                or a Substantial Part of Property That is Subject of the
                Action is Situated. ................................. 14

   c. A Judicial District In Which Any Defendant May Be Found, If There is No District in Which The Action May Otherwise Be Brought. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

  2. Venue is Improper Under 29 U.S.C. § 1132. . . . . . . . . . . . . . . . . 15

   a. Where the Plan Is Administered. . . . . . . . . . . . . . . . . . . . . . 15

   b. Where the Breach Took Place. . . . . . . . . . . . . . . . . . . . . . . . 15

   c. Where a Defendant Resides or May Be Found. . . . . . . . . . . 16

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

## TABLE OF AUTHORITIES

__CASES__                                                                   __PAGE(S)__

**\****2215 Fifth St. Assoc., L.P. v. U-Haul Int'l, Inc.*,
    148 F.Supp.2d 50 (D. D.C. 2001)....................................... 4, 5

**\****D'Onofrio v. SFX Sports Group, Inc.*,
    534 F.Supp.2d 86 (D. D.C. 2008)............................... 6, 7, 10, 12

**\****Furbee v. Vantage Press, Inc.*,
    464 F.2d 835 (D.C. Cir. 1972)...................................... 3, 5

*Andrews v. Heinold Commodities, Inc.*,
    771 F.2d 184 (7th Cir. 1985)........................................ 5

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) ............... 12, 13, 16

*Commerce Consultants Int'l, Inc. v. Vetrerie Riunite S.p.A.*,
    867 F.2d 697 (D.C. Cir. 1989)...................................... 4, 5

*Crane v. Carr*,
    814 F.2d 758 (D.C. Cir. 1987)..................................... 10, 11

*Elemary v. Philipp Holzmann A.G.*,
    553 F.Supp.2d 116 (D. D.C. 2008).................................... 11

*Envtl. Research Int'l, Inc. v. Lockwood Greene Eng'rs, Inc.*,
    355 A.2d 808 (D.C. Cir. 1976)...................................... 12

*Helicopteros Nationales de Colombia S.A. v. Hall*,
    466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)..................... 6

*Kopff v. Battaglia*,
    425 F.Supp.2d 76 (D. D.C. 2006).................................... 8, 10

*McFarland v. Yegen*,
    609 F.Supp. 10 (D. N.H. 1988)...................................... 16

*National Equipment Rental, Ltd. v. Szukhent*,
   375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964).. . . . . . . . . . . . . . . . . . . . . . . . 3

*Polar Mfg. Corp. v. Michael Weinig, Inc.*,
   994 F.Supp. 1012 (E.D. Wis. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Sprinzen v. Supreme Court of State of N.J.*,
   478 F.Supp. 722 (S.D. N.Y. 1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*The Bremen v. Zapata-Offshore Co.*,
   407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed. 513 (1972).. . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Turner v. CF&I Steel Corp.*,
   510 F.Supp. 537 (E.D. Pa. 1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*U.S. v. Ferrara*,
   54 F.3d 825 (D.C. Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## STATUTES

28 U.S.C. § 1391. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

28 U.S.C. § 1391(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 14, 16

28 U.S.C. § 1404(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5, 16

28 U.S.C. § 1406(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 16

29 U.S.C. § 1132. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

29 U.S.C. § 1132(e)(2).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 15, 16

District of Columbia Code § 13-423. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

District of Columbia Code § 13-423(a)(1).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

District of Columbia Code § 13-423(a)(2).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

District of Columbia Code § 13-423(a)(3).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

District of Columbia Code § 13-423(a)(4).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8-11

## <u>RULES</u>

Federal Rule of Civil Procedure 12(b)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Federal Rule of Civil Procedure 12(b)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5, 16

**DEFENDANTS' MOTION TO DISMISS OR TRANSFER PURSUANT
TO THE CONTRACTUAL FORUM SELECTION CLAUSE, FOR
LACK OF PERSONAL JURISDICTION, OR IMPROPER VENUE**

Defendants, IPD Analytics, L.L.C. ("IPD Analytics"), Intellectual Property Development, Inc., and Howard Benjamin Krass, move to dismiss or transfer pursuant to the contractual forum selection clause, for lack of personal jurisdiction, or improper venue, pursuant to Rules 12(b)(2) & (3), Fed.R.Civ.P., 28 U.S.C. §§ 1391(b), 1406(a), and/or 1404(a), and/or 29 U.S.C. § 1132(e)(2).

As set forth herein:

1.    The contractual forum selection clause deprives the Court of personal jurisdiction or commends transfer of the case to the Southern District of Florida in the interests of justice;

2.    There is no personal jurisdiction over defendants because they are Florida residents without the required contacts with the District of Columbia, and the alleged events giving rise to the claims occurred in Florida; and

3.    Venue is improper in the District of Columbia.

**MEMORANDUM ARGUMENT**

## I.    THIS CASE SHOULD BE DISMISSED OR TRANSFERRED PURSUANT TO THE CONTRACTUAL FORUM SELECTION CLAUSE, FOR LACK OF PERSONAL JURISDICTION, OR IMPROPER VENUE

The plaintiff, Mr. Cheney, alleges: "This lawsuit arises from Defendants' legal practice in Florida." Compl., p. 1, ¶ 1 (DE-1).  All of the defendants are located in Florida. Compl., ¶¶ 3, 4, 5 (DE-1).  Defendant, IPD Analytics, is a limited liability company

organized and existing under the laws of Florida. *Id.*, ¶ 3. Defendant, Intellectual Property Development, Inc., is a corporation organized and existing under the laws of Florida. *Id.*, ¶ 4. Defendant, Howard Benjamin Krass, is a citizen of the State of Florida, and his address is in Florida. *Id.*, ¶ 5. All of Mr. Cheney's claims relate to his employment in Florida by defendant, IPD Analytics. Mr. Cheney alleges that he was interviewed in Florida for that employment. Compl., ¶ 15 (DE-1). Mr. Cheney alleges that his wrongful termination of employment, by defendant, IPD Analytics, occurred in Florida, based upon events which also occurred in Florida. Compl., ¶¶ 15, 41-44 (DE-1).

A.    **Forum Selection Clause — The Plaintiff Agreed to Bring This Action Only In Courts in Miami, Florida**

The plaintiff, Mr. Cheney, agreed that the exclusive forum for litigating the issues he now presents in the District of Columbia, would be a "state or federal court . . . situated in Miami, Florida." Specifically, the agreement (upon which Mr. Cheney relies in his Complaint) states:

> <u>Governing Law</u>. This Agreement shall be governed by and construed in accordance with the internal laws of the State of Florida without regard to conflict of law principles. *Any litigation* or arbitration between the parties *which arises out of this Agreement shall be instituted and prosecuted only in the appropriate state or federal court or other tribunal situated in Miami, Florida. Parties hereby submit to the exclusive jurisdiction of such courts and tribunals for purposes of any such action* and the enforcement of any judgment or order arising therefrom. *Parties hereby waive* any right to a change of venue and *any and all objections to the jurisdiction of the state and federal courts and other tribunals located in Miami, Florida.*

Employment Agreement, p. 3, ¶ 1.8 (Ex. 1 to Decl. of Howard B. Krass, Ex. "A" hereto.

In finding such forum selection clauses "commonplace" and enforceable, the D.C.

Circuit stated:

> "Citizens of different States may, if they deem it desirable, agree that any disputes arising out of a commercial transaction between them shall be subject to the jurisdiction of the courts of the State of one of the parties."

> Mr. Justice Stewart, writing for a majority of the Supreme Court, has said: "And it is settled . . . that parties to a contract may agree in advance to submit to the jurisdiction of a given court . . . ." *National Equipment Rental, Ltd. v. Szukhent*, 375 U.S. 311, 315-16, 84 S.Ct. 411, 414, 11 L.Ed.2d 354 (1964). These contractual provisions will be honored when they are reasonable.

*Furbee v. Vantage Press, Inc.*, 464 F.2d 835, 836 (D.C. Cir. 1972) (citation and footnote

omitted) (affirming dismissal of action brought in District of Columbia, because plaintiff

agreed that courts of New York would be the exclusive forum for such litigation).

In order to escape his agreement to litigate these issues in Florida, based upon the

reasonableness of the forum selection clause, Mr. Cheney must show that "the contractual

forum will be so gravely difficult and inconvenient that he will for all practical purposes be

deprived of his day in court":

> Whatever "inconvenience" [the party challenging the forum selection clause] would suffer by being forced to litigate in the contractual forum as it agreed to do was clearly foreseeable at the time of contracting. In such circumstances it should be incumbent on the party seeking to escape his contract that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court. Absent that, there is no basis for concluding

3

> that it would be unfair, unjust, or unreasonable to hold that party
> to his bargain.

*The Bremen v. Zapata Off-shore Co.*, 407 U.S. 1, 17-18, 92 S.Ct. 1907, 32 L.Ed. 513 (1972).

In the decades since the decisions in *The Bremen* and *Furbee*, enforcement of forum selection clauses has become even more commonplace, and the ability to escape them more difficult. In *2215 Fifth St. Assoc., L.P. v. U-Haul Int'l, Inc.*, 148 F.Supp.2d 50, 54 (D. D.C. 2001), the plaintiff filed suit in the District of Columbia notwithstanding having agreed that such litigation be brought in Arizona. Even though the action concerned "the ownership of real property . . . in the District of Columbia," the court transferred the case to the contractual forum. The court observed that "[f]orum selection clauses are to be considered 'prima facie valid.'" The court repeated the Supreme Court's dictate more than thirty years before that "the party seeking to avoid the forum selection clause bears the burden of demonstrating that 'trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court.'" *See also Commerce Consultants Int'l, Inc. v. Vetrerie Riunite S.p.A.*, 867 F.2d 697, 698-700 (D.C. Cir. 1989) (plaintiff sought to avoid its agreement to trial in Verona, Italy arguing it "'would be effectively deprived of its day of court,'" that "discovery proceedings in the Italian court would be inadequate to enable it to develop its case;" D.C. Circuit affirmed enforcement of forum selection clause because when plaintiff agreed to the forum selection clause designating "the courts of Verona, it also necessarily accepted the procedures that those courts follow").

4

Forum selection clauses have been enforced as a matter of venue or a matter of personal jurisdiction. *See e.g., 2215 Fifth St. Assoc., L.P.*, 148 F.Supp.2d at 59 (finding "that the forum selection clause is valid and enforceable," ordering transfer to the contractually selected forum "pursuant to 28 U.S.C. § 1404(a) . . . in the interests of justice . . .," but noting that there was "considerable uncertainty among the federal courts concerning the proper provision with which to give effect to a forum selection clause"); *Commerce Consultants Int'l, Inc.*, 867 F.2d at 698 (dismissed "for improper venue" due to forum selection clause, pursuant to Rule 12(b)(3); *affirmed* by D.C. Circuit); *Andrews v. Heinold Commodities, Inc.*, 771 F.2d 184, 187-88 (7th Cir. 1985) (finding forum selection clause deprived district court of personal jurisdiction, rather than of venue only); *Polar Mfg. Corp. v. Michael Weinig, Inc.*, 994 F.Supp. 1012, 1015 (E.D. Wis. 1998) (finding no personal jurisdiction due to forum selection clause; transferring case to district court in contractually agreed forum).

As early as 1972, the D.C. Circuit ruled that the enforceability of forum selection clauses was so well settled that it was "frivolous" for the plaintiff — having filed the action in a forum other than the one to which he agreed in the forum selection clause — to appeal the district court's decision dismissing the complaint. 464 F.2d at 837 (remanding "for the assessment of costs and reasonable attorney's fees" against the plaintiff).

**B.      There is Neither General Nor Specific Jurisdiction Over These Defendants**

As this Court recently explained:

> Plaintiff bears the burden of establishing personal jurisdiction
> over each defendant.

\*                    \*                    \*

> There are, of course, two distinct variants of personal jurisdiction: "(1) general, 'all purpose' adjudicatory authority to entertain a suit against a defendant without regard to the claim's relationship *vel non* to the defendant's forum-linked activity, and (2) specific jurisdiction to entertain controversies based on acts of a defendant that touch and concern the forum."

*D'Onofrio v. SFX Sports Group, Inc.*, 534 F.Supp.2d 86, 89-90 (D. D.C. 2008).

### 1.    General Jurisdiction

"General jurisdiction sets a high bar, requiring a defendant 's contacts with a forum to be 'continuous and systematic' before forcing a defendant to defend a suit arising out of any subject matter whether or not related to the forum." *Id.*, *citing, Helicopteros Nationales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

In this case it appears that Mr. Cheney asserts general jurisdiction over the defendants. *See,* Compl., Jurisdiction, p. 3, ¶ 10 ("This Court has personal jurisdiction over Defendants because they conduct substantial business in, or have regular and systematic contacts with, this District.") (DE-1).  However, "[i]n order to meet [his] burden, plaintiff must allege specific facts on which personal jurisdiction can be based; [he] cannot rely on conclusory allegations." *D'Onofrio*, 534 F.Supp.2d at 89.

In *D'Onofrio*, this Court ruled that general jurisdiction in the District of Columbia was unavailable because the defendants "both lived and worked in Texas," neither regularly did "business with the District of Columbia," nor did they "solicit business within the District," and the plaintiff had "alleged no facts to satisfy the steep requirement of continuous and

systematic contacts with the District of Columbia sufficient to impose general jurisdiction."

*Id*.

Here, the defendants are residents of, organized under, and have their office in, the

State of Florida. Krass Decl., ¶¶ 6-8, Ex. "A" hereto.  They do not regularly do business with

the District of Columbia, nor do they solicit business within the District.  *Id*. None of the

defendants have an office, real or personal property, a bank account, a telephone listing, or

pay taxes in the District.  *Id*.  The corporate and limited liability company defendants are not

authorized to do business in the District of Columbia.  *Id*., ¶¶ 7, 8.

Thus, the plaintiff has not and cannot overcome the "high bar" to general jurisdiction.

*D'Onofrio*, 534 F.Supp.2d at 90.

## 2.    Specific Jurisdiction

> Specific jurisdiction, by contrast [to general jurisdiction], requires a lesser showing that nevertheless must satisfy a two-step inquiry: (1) jurisdiction over the defendant must be authorized by the forum's long-arm statute, here D.C. Code § 13-423; and (2) the exercise of that jurisdiction must satisfy the federal requirement of constitutional due process.

*Id*., *citing, U.S. v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995).

### a.    District of Columbia Long-Arm Statute

Even if Mr. Cheney had not agreed to litigate this dispute only in state or federal

courts in Florida, he still could not establish personal jurisdiction over the defendants without

"plead[ing] facts that (1) bring the case within the scope of the District of Columbia's long

arm statute, D.C. Code § 13-423, and (2) satisfying the constitutional requirements of due process." *Kopff v. Battaglia*, 425 F.Supp.2d 76, 81 (D. D.C. 2006).

The District of Columbia long-arm statute provides, in pertinent part:

> (a)    A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief ***arising from*** the person's —
>
> (1) transacting any business in the District of Columbia;
>
> (2) contracting to supply services in the District of Columbia;
>
> (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia; [or]
>
> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia ***if*** he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia.

D.C. Code § 13-423(a)(1)-(4) (emphasis added).

However, Mr. Cheney does not allege any claim for relief "arising from" defendants' "transacting any business in the District," or "contracting to supply services in the District," or "causing tortious injury in the District . . . by an act or omission in the District . . . ."

To the contrary, Mr. Cheney pleads:

> (1)    "This lawsuit arises from Defendants' legal practice in

Florida." Compl., p. 1, ¶ 1 (DE-1);

    (2)  Mr. Cheney interviewed in Florida, for employment there by defendant, IPD Analytics; *Id*., ¶ 15;

    (3)  Defendant, IPD Analytics, by acts or omissions in Florida, breached its agreement to provide Mr. Cheney equity in IPD Analytics.  *Id*., ¶¶ 35-40;

    (4)  Defendant, IPD Analytics, by acts in Florida, wrongfully terminated his employment in Florida.  *Id*., ¶ 42; and

    (5)  The alleged breaches of his employment contract, and alleged ERISA violations, occurred in Florida.  *Id*., ¶¶ 1, 15, 18, 28-34, 41-44, 98.

 At best, Mr. Cheney alleges that defendants caused tortious injury in the District of Columbia by an act or omission outside the District of Columbia, part of the requirements of subsection (a)(4) of the District of Columbia's long-arm statute.  Specifically, Mr. Cheney alleges that he gave up gainful employment in Washington, D.C. for employment in Florida by defendant, IPD Analytics.  Compl., ¶¶ 12, 13, 15 (DE-1).  Mr. Cheney does not allege that anything happened in Washington, D.C. other than his prior employment.

 Subsection (a)(4), of the District of Columbia long-arm statute, reads:

> (a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's —
>
>    *     *     *
>
>  (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;

Subsection (a)(4) places tighter limits on personal jurisdiction over non-residents of the District of Columbia, than the Due Process clause of the Constitution. As this Court recently explained:

> To begin with, Section 13-423(a)(4) is "*more* restrictive than the Due Process Clause of the Constitution — meaning the District government has made a deliberate decision not to allow access to D.C. courts to every person who is injured here and otherwise could bring a claim for civil redress." *Kopff [v. Battaglia]*, 425 F.Supp.2d [76,] 82 [(D. D.C. 2006)] (citing *Crane v. Carr*, 814 F.2d 758, 762 (D.C. Cir. 1987) ("The drafters of this provision apparently intended that the (a)(4) subsection would not occupy all of the constitutionally available space.")). In order to exercise jurisdiction over a non-resident defendant pursuant to subsection (a)(4), the defendant must have caused tortious injury within the District and one of the "plus factors" in that subsection must also be present. *Id*. Those "plus factors" are: (1) regularly doing or soliciting business in the District; (2) engaging in any other persistent course of conduct in the District; or (3) deriving substantial revenue from goods used or consumed, or services rendered, in the District of Columbia. *See* D.C. Code § 13-423(a)(4). Moreover, the requisite plus factor must be "separate from and in addition to the in-state injury." *Crane*, 814 F.2d at 762.

*D'Onofrio*, 534 F.Supp.2d at 93 (emphasis by the Court).

The required "plus factor" is absent here. Defendants do not regularly do or solicit business in the District of Columbia, engage in any persistent course of conduct in the District (with the possible exception described below), or derive substantial revenue from goods used or consumed, or services rendered, in the District of Columbia. Krass Decl., ¶¶ 6-8, Ex. "A" hereto.

10

Defendant, IPD Analytics, the entity that employed Mr. Cheney in Florida, is in the business of publishing a "Wall Street newsletter" to institutional investors, in which it reports on the status of patent litigation involving public companies. Krass Decl., ¶ 2, Ex. "A" hereto. The newsletter is published from Florida. *Id*. Although there are subscribers to the newsletter in various places, there are *no* subscribers in District of Columbia. *Id*.

As part of its information gathering, IPD Analytics occasionally *observes* federal court hearings in the District of Columbia, relating to patent litigation involving public companies. *Id*., ¶ 7. However, those observational "visits do not comprise a 'persistent course of conduct,' . . . under subsection (a)(4) because . . . the 'government contacts exception' exempts a defendant's federal government contacts from the personal jurisdiction calculus." *Elemary v. Philipp Holzmann A.G.*, 553 F.Supp.2d 116, 128 n. 8 (D. D.C. 2008), *citing, Crane v. Carr*, 814 F.2d 758, 761 (D.C. Cir. 1987).

> The rationale for the "government contacts" exception to the District of Columbia's long-arm statute does not hinge upon the wording of the statute. Rather, it finds its source in the unique character of the District as the seat of national government and in the correlative need for unfettered access to federal departments and agencies for the entire national citizenry. . . . To permit our local courts to assert personal jurisdiction over nonresidents whose sole contact with the District consists of dealing with a federal instrumentality not only would pose a threat to free public participation in government, but also would threaten to convert the District of Columbia into a national judicial forum.

*Envtl. Research Int'l, Inc. v. Lockwood Greene Eng'rs, Inc.*, 355 A.2d 808, 813 (D.C. Cir. 1976) (footnote omitted).[1/]

### C.    Constitutional Notions of Fair Play and Substantial Justice

Inasmuch as Mr. Cheney "cannot provide an adequate basis for personal jurisdiction over defendants" under the District of Columbia long-arm statute, "the Court need not decide" the federal Due Process issues.  *D'Onofrio*, 534 F.Supp.2d at 94.

However, even if Mr. Cheney had not agreed to litigate these claims only in a state or federal court in Florida, and even if Mr. Cheney could provide a basis to assert personal jurisdiction under the District of Columbia long-arm statute, that basis must still be considered in light of other factors "to determine whether the assertion of personal jurisdiction would comport with fair play and substantial justice."  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (internal quotation marks omitted).  Significantly, "minimum requirements inherent in the concept of 'fair play and substantial justice' may defeat the reasonableness of jurisdiction even if the defendant has purposefully engaged in forum activities."  *Id.*, 421 U.S. at 477-78.

---

[1/]Mr. Cheney's allegations against the other two defendants, Intellectual Property Development, Inc. and Howard Benjamin Krass, stem from their relationship to defendant, IPD Analytics, Inc.  Mr. Cheney alleges that defendant, Mr. Krass, is the General Manager of IPD Analytics, and the trustee of its 401(k) plan.  Compl., ¶ 5 (DE-1).  Mr. Krass has no contacts with the District of Columbia. Krass Decl., ¶ 6, Ex. "A" hereto.  Mr. Cheney alleges that defendant, Intellectual Property Development, Inc., is the principal owner of defendant, IPD Analytics.  Compl., ¶ 4 (DE-1).  Intellectual Property Development, Inc. has no contacts with the District of Columbia.  Krass Decl., ¶ 8, Ex. "A" hereto.

Factors to evaluate in determining whether the assertion of personal jurisdiction comports with "fair play and substantial justice" include "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." *Id.* at 476-77 (internal quotations omitted).

As to the burden on the defendant, all three defendants reside in Florida, and their business is in Florida. Krass Decl., ¶¶ 2, 6-8, Ex. "A" hereto. The District of Columbia has no interest in adjudicating a dispute arising out of an employment agreement that the parties performed in, and allegedly breached by conduct in, Florida, when the plaintiff was a resident of Florida, or in construing the many aspects of this case controlled by Florida law pursuant to the choice of law provision in the contract. Employment Agreement, p. 3, § 1.8 ("Governing Law. This Agreement shall be governed by and construed in accordance with the internal laws of the State of Florida without regard to conflict of law principles.") (Ex. 2 to Krass Dec., Ex. "A" hereto). The plaintiff's interest in obtaining convenient and effective relief would have been best served by Mr. Cheney bringing this case in the jurisdiction he agreed to, rather than placing an obvious jurisdictional issue ahead of the merits. The interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interests of the several states in furthering fundamental substantive social policies, is best served by Florida courts determining what happened in Florida.

13

### D.    Venue Is Improper

Plaintiff alleges that "[v]enue is proper in this District under 28 U.S.C. § 1391 and/or

29 U.S.C. § 1132."

### 1.    Venue is Improper Under 28 U.S.C. § 1391

Because subject matter jurisdiction in this case is not founded solely on diversity of

citizenship, the only part of 28 U.S.C. § 1391that could apply here is section (b):

> A civil action wherein jurisdiction is not founded solely on
> diversity of citizenship may, except as otherwise provided by
> law, be brought only in (1) a judicial district where any
> defendant resides, if all defendants reside in the same State, (2)
> a judicial district in which a substantial part of the events or
> omissions giving rise to the claim occurred, or a substantial part
> of property that is the subject of the action is situated, or (3) a
> judicial district in which any defendant may be found, if there is
> no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

### a.    A Judicial District Where Any Defendant Resides, If All Defendants Reside in the Same State

No defendants reside in the District of Columbia.

### b.    A Judicial District In Which A Substantial Part of the Events Or Omissions Giving Rise to the Claim Occurred, or a Substantial Part of Property That is Subject of the Action is Situated

The only pleaded events or omissions giving rise to the claims occurred in Florida, not

the District of Columbia.  *See e.g.,* Compl., ¶¶ 1, 15, 35, 82 (DE-1).  There is no property in

the District of Columbia subject to this action.

> **c.**   **A Judicial District In Which Any Defendant May Be Found, If There is No District in Which The Action May Otherwise Be Brought**

No defendant may be found in the District of Columbia and, if the opposite were true, there is another district in which the action may otherwise be brought, to wit: the Southern District of Florida, where all the defendants reside, where a substantial part of the alleged events or omissions giving rise to the claim occurred, and where the plaintiff agreed to bring this action by a contractual forum selection clause.

> **2.**   **Venue is Improper Under 29 U.S.C. § 1132**

Title 29 of the United States Code, § 1132(e)(2) provides proper venue for a civil claim under the Employee Retirement Income Security Act of 1974 ("ERISA").  Section 1132(e)(2) states:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides, or may be found . . . .

> **a.**   **Where the Plan Is Administered**

A plan is administered where it is managed.  *Sprinzen v. Supreme Court of State of N.J.*, 478 F.Supp. 722, 723-24 (S.D. N.Y. 1979).  The plan which is the subject of Mr. Cheney's claims is administered and managed in Florida.  Krass Decl., ¶ 13, Ex. "A" hereto.

> **b.**   **Where the Breach Took Place**

Mr. Cheney alleges that the plan was breached in Florida.  Compl., ¶¶ 28-34, 41-44 (DE-1); *see also* Krass Decl., ¶ 13, Ex. "A" hereto.  For purposes of § 1132(e)(2), a breach occurs where decisions are made regarding payment amounts.  *Turner v. CF&I Steel Corp.*,

510 F.Supp. 537, 541 (E.D. Pa. 1981). Here, all decisions concerning the plan were made in Florida.  Krass Decl., ¶ 13, Ex. "A" hereto. While some cases also look to where plan benefits are sent, that is not an issue here because after moving away from Florida, Mr. Cheney requested that his plan account be "rolled over" and sent to Missouri. *Id*., ¶ 14.

### c.    Where a Defendant Resides or May Be Found

No defendant resides in the District of Columbia.  Where a defendant "may be found" has been construed as the "due process test for *in personam* jurisdiction . . . ." *McFarland v. Yegen*, 609 F.Supp. 10 (D. N.H. 1988).  As stated above, the defendants are not subject to *in personam* jurisdiction in the District of Columbia.  *Infra*, pp. 7-13.

There is no "general jurisdiction."  *Infra*, pp. 6-7.  Specific jurisdiction applies only when the alleged injury arises out of or relates to actions directed at the forum state.  *Burger King*, *infra*, 471 U.S. at 471-478, 108 S.Ct. at 2181-2185.  Mr. Cheney makes no such allegation regarding ERISA plan breaches.  To the contrary, Mr. Cheney alleges that IPD Analytics acted in Florida, when it terminated his employment "for making allegations that Defendants had breached their 401(k) plan obligation."  Compl., p. 9, ¶¶ 41-44 (DE-1).

### CONCLUSION

This case should be dismissed, or transferred to the United States District Court for the Southern District of Florida, pursuant to the contractual forum selection clause, for lack of personal jurisdiction, improper venue, or in the interests of justice, pursuant to Rules 12(b)(2), (3), Fed.R.Civ.P., 28 U.S.C. §§ 1391(b), 1406(a) and/or 1404(a), and/or 29 U.S.C. § 1132(e)(2).

16

Dated: July 7, 2008

Respectfully submitted,

EPSTEIN BECKER & GREEN, P.C.
1227 25th Street, N.W., Suite 700
Washington, District of Columbia 20037
Telephone: (202) 861-0900
Telefax: (202) 296-2882
By:＿＿/s/ Steven M. Umin＿＿＿＿＿＿
    Steven M. Umin, Esq.
    D.C. Bar Number 47985
    sumin@ebglaw.com
    Julianna S. Gonen, Esq.
    D.C. Bar Number 488759
    jgonen@ebglaw.com

RICHARD & RICHARD, P.A.
825 Brickell Bay Drive
Tower III - Suite 1748
Miami, Florida  33131
Telephone: (305) 374-6688
Fax: (305) 374-0384
By:＿＿/s/ Dennis Richard＿＿＿＿＿＿
    Dennis Richard, Esq.
    dennis@richardandrichard.com
    (*Pro Hac Vice* Admission
    Florida Bar Number 148730)

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 7th day of July, 2008, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  We also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Clark S. Cheney, Esq.
Law Office of Clark S. Cheney
*Pro Se Plaintiff*

17

517 F Street, N.E.
Washington, D.C. 2002
Telephone: (202) 253-7195
**Via U.S. Mail**

/s/ Dennis Richard
Dennis Richard, Esq.

H:\IPD Analytics\IPD-Cheney\Pleadings\brief in supp of mtd_mtd.wpd